UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

**KATHLEEN SUSAN GLENN,**  Case No.: 8:15-bk-12505-CPM
                            Chapter 13

    Debtor.
_____/

# MOTION FOR RELIEF FROM AUTOMATIC STAY

## NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

**Pursuant to Local Rule 2002-4, the Court will consider this Motion, objection, or other matter without further notice or hearing unless a party in interest files a response within twenty-one (21) days from the date set forth on the proof of service attached to this paper plus an additional three days for service. If you object to the relief requested in this paper, you must file your response with the Clerk of the Court, U.S. Bankruptcy Court, Middle District of Florida, 801 N. Florida Avenue, Tampa, Florida 33602, and serve a copy on the Movant's attorney, McCumber, Daniels, Buntz, Hartig & Puig, P.A., Starlett M. Massey, Esq., 4401 W. Kennedy Boulevard, Suite 200, Tampa, Florida 33609.**

**If you file and serve a response within the time permitted, the Court may schedule and notify you of a hearing, or the Court may consider the response and may grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

COMES NOW, REGIONS BANK, SUCCESSOR BY MERGER WITH AMSOUTH BANK, (hereinafter "**Creditor**"), a secured creditor herein, by and through its undersigned attorneys, and pursuant to 11 USC § 362 and Bankruptcy Rule 4001, moves this Court for relief from the automatic stay, and in support thereof would show as follows:

    1.    On or about December 17, 2015, the Debtor filed a Chapter 13 Petition in this Court.

    2.    Prior thereto, on July 24, 2002, AmSouth Bank made a loan to Randall Arthur and Debtor in the initial principal amount of $100,000.00 (the "**Loan**").

3. The Loan was, is, and shall continue to be codified and secured by the following instruments:

   a. a Credit Agreement and Disclosure, dated July 24, 2002, executed and delivered to AmSouth Bank by Randall Arthur and Debtor in the initial principal amount of $100,000.00 (the "**Note**"), and

   b. a Mortgage, dated July 24, 2002, executed and delivered to AmSouth Bank by Randall Arthur and the Debtor, the original of which was recorded in Official Records Book 12155 at Page 342 of the Official Records of Pinellas County, Florida (the "**Mortgage**"), a copy of which is attached hereto as **Exhibit "A."**

4. On or about March 29, 2006, Randall Arthur and the Debtor requested, and AmSouth Bank agreed, an extension on the Loan so that the new principal amount of the modified loan was $150,000.00 (the "**Modified Loan**").

5. The Modified Loan was, is, and shall continue to be codified and secured by the following instruments:

   a. a Credit Agreement and Disclosure Change in Terms Agreement, dated March 29, 2006, executed and delivered to AmSouth Bank by Randall Arthur and Debtor in the initial principal amount of $150,000.00 (the "**Note**"), a copy of which is attached hereto as **Exhibit "B,"** and

   b. a Mortgage, dated March 29, 2006, executed and delivered to AmSouth Bank by Randall Arthur and the Debtor, the original of which was recorded in Official Records Book 15065 at Page 1644 of the Official Records of Pinellas County, Florida (the "**Mortgage**"), a copy of which is attached hereto as **Exhibit "C."**

6. On November 4, 2006, Regions Bank merged with AmSouth Bank. A copy of the Certificate of Merger is attached hereto as **Exhibit "D."**

[The instruments referenced in paragraphs 3(a), 3(b), 5(a), 5(b) and 6 are hereinafter collectively referred to as the "**Loan Documents**".]

7. The property, which is the subject of this Motion for Relief from Automatic Stay, is described as follows:

> ALL THAT CERTAIN LAND IN PINELLAS COUNTY, FLORIDA, TO-WIT:
>
> LOT(S) 20, OF GREENHAVEN UNIT 4, AS RECORDED IN PLAT BOOK 107, PAGE 13 ET SEQ, OF THE PUBLIC RECORDS OF PINELLAS COUNTY, FLORIDA.
>
> SUBJECT TO RESTRICTIONS, RESERVATIONS, EASEMENTS, COVENANTS, OIL, GAS OR MINERAL RIGHTS OF RECORD, IF ANY.
>
> Known as: 1455 Whisper Wind Lane, Oldsmar, FL 34677.
>
> (collectively referred to herein as the "**Property**").

8. The Loan Documents are now in default because of the Debtor's failure to make regular contract payments beginning April 3, 2013 and thereafter. The loan is in default for the payment due on April 3, 2013 in the amount of $590.69. The principal balance due on the Note is $147,884.45.

9. By reason of the defaults as set forth above, Creditor wishes to exercise its option to declare the entire principal balance and the accrued interest under the Loan Documents due and payable and take possession of the Property, which action is stayed by the filing of the Debtor's Petition.

10. Creditor has retained the undersigned attorneys to represent it in this action and is obligated to pay its attorneys a reasonable fee for their services.

11. Creditor has duly performed each and every act required to be performed by it under the Loan Documents and all conditions precedent to the filing and maintenance of this Motion have been performed or have occurred.

12. In order to protect its security, Creditor may be required to advance and pay out during the pendency of this action and any subsequent action to take possession of the Property, monies for Court costs and attorneys' fees in pursuing such action. Any such sums advanced and paid out will be due and owing by Creditor pursuant to the terms of the Loan Documents.

13. The Debtor indicates in her Chapter 13 Plan [Doc. 11] that she wishes to make adequate protection payments to the Trustee in the amount of $645.00 and seek mortgage modification of the Modified Loan. Monthly payments in the amount of $645.00 are insufficient to provide adequate protection given that the regular monthly payment due on the Modified Loan is $590.69 and the current arrearages are $18,815.85.

14. The automatic stay provisions of § 362 should be lifted in order to permit Creditor to enforce its rights under the Loan Documents, including Creditor's right to retake possession of the Property, for the following reasons:

   a. Creditor is not receiving payments under the Loan Documents and lacks adequate protection;

   b. The status of insurance coverage for the Property is unknown;

   c. If relief is not granted, then Creditor will suffer irreparable injury, loss and damage.

15.     Creditor believes that the 14 day stay period set forth in Bankruptcy rule 4001(a)(3) is not applicable in this case and requests the Court to waive the 14 day stay so that Creditor may immediately enforce and implement any Order granting the relief requested herein.

WHEREFORE, Creditor respectfully requests this Court enter an Order granting relief from the automatic stay to permit Creditor to exercise its rights to the Property and to apply the proceeds therefrom to payment of the indebtedness owed to said Creditor by Debtor, waiving the 14 day stay period so as to permit the Creditor to immediately enforce the relief requested herein, and granting such other relief as this Court deems just.

*/s/ Starlett M. Massey, Esq.*_____
Starlett M. Massey, Esq.
Florida Bar No. 44638
smassey@mccumberdaniels.com
**McCumber, Daniels, Buntz, Hartig & Puig, P.A.**
4401 W. Kennedy Boulevard, Suite 200
Tampa, Florida 33609
(813) 287-2822 (Tel)
(813) 287-2833 (Fax)
**Attorneys for Creditor, Regions Bank,
Successor by merger with AmSouth Bank**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion for Relief from Stay has been furnished either by electronic or standard first class mail to the parties listed below on this 18th day of February, 2016.

/s/ Starlett M. Massey, Esq._____
Starlett M. Massey, Esq.

Debtor:
Kathleen Susan Glenn
1455 Whisper Wind Lane
Oldsmar, FL 34677

Debtor's Attorney:
Steven M. Fishman
Steven M. Fishman, P.A.
2454 North McMullen Booth Road #D-607
Clearwater, FL 33759

Trustee:
Jon Waage
P.O. Box 25001
Bradenton, FL 34206-5001

U.S. Trustee:
United States Trustee – TPA7/13
Office of the United States Trustee
Timberlake Annex, Suite 1200
501 E. Polk St.
Tampa, FL 33602